# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAGGIE MCNAMARA  
5681 North Road  
Friendsville, PA 18818

CIVIL ACTION

       Plaintiff

No.

    v.

JURY TRIAL DEMANDED

SUSQUEHANNA COUNTY  
P.O. Box 218  
31 Lake Avenue  
Montrose, PA 18801

COMMISSIONER  
ELIZABETH ARNOLD  
P.O. Box 218  
31 Lake Avenue  
Montrose, PA 18801

COMMISSIONER  
MARYANN WARREN  
P.O. Box 218  
31 Lake Avenue  
Montrose, PA 18801

SUSQUEHANNA CO.  
DIRECTOR OF VETERANS  
AFFAIRS RICHARD ELY  
P.O. Box 218  
31 Lake Avenue  
Montrose, PA 18801

(Electronically Filed)

    Defendants

# COMPLAINT

The Plaintiff, Maggie McNamara, by and through her counsel, Mazzoni, Karam, Petorak, and Valvano, hereby complains of the Defendants, Susquehanna County, Commissioner Elizabeth Arnold, Commissioner MaryAnn Warren, and Richard Ely          (hereinafter "Defendants"), as follows:

## Introduction

1. Plaintiff, (hereinafter "Plaintiff" or "McNamara"), initiates this action to seek redress against the Defendants, her employer, for unlawful gender discrimination, sexual harassment, a hostile work environment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"), and other applicable federal and state law.

## Parties

2. Plaintiff, Maggie McNamara, is an adult, competent individual who currently resides at 5681 North Road, Friendsville, Pennsylvania.

3. Defendant, Susquehanna County, is a municipality organized by and through the Commonwealth of Pennsylvania that regulates and implements customs, policies, and practices and that directs, manages, and controls the customs,

policies, practices, and employees of Susquehanna County. At all times

relevant hereto, Defendant Susquehanna County was acting under color of

state law.

4. Defendant, Commissioner Elizabeth Arnold, is a Susquehanna County

Commissioner, who is/was employed by Defendant Susquehanna County, is

and/or was under the command and authority of Defendant Susquehanna

County, and who regulated and implemented customs, practices, and

policies of Defendant Susquehanna County. At all times relevant hereto,

Defendant Arnold was acting under color of state law and pursuant to the

custom, policy, and/or practice of Defendant Susquehanna County.

Defendant Arnold is being sued in her individual, supervisory, and all other

official capacities as Commissioner.

5. Defendant, Commissioner MaryAnn Warren, is a Susquehanna County

Commissioner, who is/was employed by Defendant Susquehanna County, is

and/or was under the command and authority of Defendant Susquehanna

County, and who regulated and implemented customs, practices, and

policies of Defendant Susquehanna County. At all times relevant hereto,

Defendant Warren was acting under color of state law and pursuant to the

custom, policy, and/or practice of Defendant Susquehanna County.

Defendant Warren is being sued in her individual, supervisory, and all other official capacities as Commissioner.

6. Defendant Richard Ely, is and/or was Director of Veterans Affairs of Susquehanna County, employed by Defendant Susquehanna County, and under the command and authority of Defendant Susquehanna County. At all times relevant hereto, Defendant Ely was acting under color of state law and pursuant to the custom, policy, and/or practice of Defendant Susquehanna County. Defendant Ely is being sued in his individual, supervisory, and all other official capacities.

7. Defendant, Susquehanna County, is an "employer" within the meaning of Title VII and the PHRA.

8. At all relevant times, Defendant Susquehanna County acted or failed to act through its agents, employees and servants, each of whom was in the scope of their employment with Defendant Susquehanna County.

**Jurisdiction and Venue**

9. The Court has personal jurisdiction over the Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendants.

10. The subject-matter jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343 because this action arises under

the laws of the United States and Plaintiff seeks redress for violations of civil rights, and pursuant to the provisions of 28 U.S.C. §1367 as to Plaintiff's state law claims under the PHRA, by means of supplemental jurisdiction.

11. Venue is proper in this judicial district because all or a substantial part of the events and omissions giving rise to the claims occurred in this district and because Defendant conducts business in this judicial district.

## Procedural and Administrative Remedies

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

13. Plaintiff has complied with all statutory prerequisites to the filing of this action by timely filing a charge with the Equal Employment Opportunity Commission ("EEOC"), requesting and receiving from the EEOC a Notice of Right to Sue and timely filing this action within ninety (90) days of the receipt of said EEOC Notice.

14. Plaintiff exhausted her administrative remedies as to the allegations of the instant Complaint.

## Factual Background

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

16. Plaintiff was hired as an Administrative Assistant to the Chief Clerk of Susquehanna County in June 2014.

17. Plaintiff reported to the Acting Chief Clerk, R.S. Stoud ("Stoud").

18. In February 2015, the Plaintiff was promoted to Deputy Chief Clerk, again with Stoud as her supervisor.

19. Stoud was supervised by the Defendant Commissioners.

20. In December 2015, at her workplace, Plaintiff was approached by Director of Veterans Affairs Richard Ely ("Ely") who attempted to kiss and hug her.

21. The Plaintiff moved away from Ely's advances.

22. On that same day, at the end of the work day, Plaintiff was in her car preparing to go home for the evening.

23. Ely approached the Plaintiff's car and stuck his face into Plaintiff's car making a kissing lips facial expression.

24. Ely then stated, "You won't get this offer again."

25. The Plaintiff declined the advances immediately.

26. The Plaintiff reported these incidents to her supervisor, Stoud.

27. Ely received a Final Writing Warning from Stoud on December 30, 2015 regarding his conduct.

28. Once Plaintiff reported this incident, she found herself subject to unfair criticisms regarding her work from Defendant Commissioners Warren and Arnold.

29. Defendant Warren consistently was overcritical and unfair and publicly humiliated Plaintiff at meetings.

30. Plaintiff spoke to her supervisor about this activity.

31. Plaintiff also spoke to Susquehanna Commissioner Alan Hall ("Commissioner Hall") about the criticism and Commissioner Hall agreed the criticism was unfair and constant.

32. Defendant Commissioners Warren and Arnold made complaints concerning Plaintiff's interaction with other employees despite the fact that Plaintiff always acted with respect and professionalism.

33. Defendant Commissioner Warren made comments about firing Plaintiff.

34. Defendant Commissioner Warren assigned Plaintiff to work in close quarters with Ely, the focus of Plaintiff's original complaint, despite knowing of Plaintiff's complaint against her.

35. This made Plaintiff uncomfortable and she reported how she felt to the Commissioners.

36.  Ely would often yell and get angry with Plaintiff.

37. In May 2015, the harassment and criticism from the Defendant

Commissioners continued.

38. Plaintiff informed Stoud of the harassment and criticism, who in turn

notified Commissioner Hall and County Solicitor Michael Giangrieco.

39. No remedial action was taken.

40. In June 2016, Plaintiff was again singled out by Defendant Commissioners

Arnold and Warren for criticism.

41. Plaintiff then learned that Defendant Commissioner Arnold had told others

that Defendant Commissioner Arnold wanted both the Plaintiff and Stoud

fired.

42. Plaintiff submits that all of this harassment and criticism by the Defendant

Commissioners is due to her reporting the December 2015 incident with Ely.

43. Plaintiff subsequently left her position as Deputy Chief Clerk for a position

in the Susquehanna County District Attorney's Office.

44. Plaintiff left her position as Deputy Chief Clerk due to the constant

harassment from the Defendant Commissioners.

45. Plaintiff suffered a loss in pay as a result of taking the position in the

District Attorney's Office.

## COUNT I – TITLE VII GENDER DISCRIMINATION/SEXUAL

## HARASSMENT

### Plaintiff v. All Defendants

46. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

47. Pursuant to the provisions of Title VII, it is unlawful to discriminate against an individual based upon the individual's sex in connection with the terms, conditions or privileges of his or her employment.

48. Pursuant to the provisions of Title VII, it is unlawful to harass a person because of that person's sex.

49. Harassment includes sexual harassment or unwelcome sexual advances and other verbal or physical harassment of a sexual nature.

50. The actions of Defendant Ely constituted gender discrimination/sexual harassment in violation of Title VII.

51. Defendant Susquehanna County and Defendant Commissioners were aware of this conduct by Defendant Ely and did nothing to remedy the same.

52. The actions described herein were in violation of the civil rights of Plaintiff, occurred during the court of the Plaintiff's employment with

Defendant and were carried out by the Defendant and its agents, servants and employees.

53. As a direct and proximate result of the foregoing conduct, Plaintiff suffered damages.

54. The actions described herein, in violation of the civil rights of the Plaintiff, were committed by the Defendants because of Plaintiff's sex and in retaliation for her objections about such conduct, and have caused Plaintiff past and future economic and non-economic harm and damages.

WHEREFORE, the Plaintiff, Maggie McNamara, respectfully requires that this Honorable Court enter judgment in her favor and against the Defendants and enter an Order providing that:

a. The Defendant has engaged in practices which are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b. The Defendant be enjoined from engaging in the sexual harassment of its employees;

c. The Defendant be enjoined from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

d. The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits she would have received had it not been for the Defendant's illegal actions;

e.  The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f.  The Defendant to pay Plaintiff punitive damages;

g.  The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h.  The Defendant to reinstate Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i.  This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j.  This Court order such other and further relief as may be just and equitable.

## COUNT II – TITLE VII GENDER DISCRIMINATION/RETALIATION

### Plaintiff v. All Defendants

55. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

56. Pursuant to the provisions of Title VII, it is unlawful to retaliate against any individual because she has opposed practices made unlawful by Title VII.

57. In complaining to Defendant about the unlawful discrimination and/or hostile work environment, Plaintiff engaged in an activity protected under Title VII.

58. In retaliation for Plaintiff's assertion of her federally protected rights, Defendants subjected her to constant criticism and harassment regarding the performance and security of her job.

59. The conduct of Defendant has denied and continues to deny Plaintiff her civil rights guaranteed by Title VII.

60. The actions described herein were in violation of the civil rights of Plaintiff, occurred during the court of the Plaintiff's employment with Defendant and were carried out by the Defendant and its agents, servants and employees.

61. As a direct and proximate result of the foregoing conduct, Plaintiff suffered damages.

62. The actions described herein, in violation of the civil rights of the Plaintiff, were committed by the Defendants because of Plaintiff's sex and in retaliation for her objections about such conduct, and have caused Plaintiff past and future economic and non-economic harm and damages.

WHEREFORE, the Plaintiff, Maggie McNamara, respectfully requires that this Honorable Court enter judgment in her favor and against the Defendants and enter an Order providing that:

a. The Defendant has engaged in practices which are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

b. The Defendant be enjoined from engaging in the sexual harassment of its employees;

c. The Defendant be enjoined from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

d. The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits she would have received had it not been for the Defendant's illegal actions;

e. The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f. The Defendant to pay Plaintiff punitive damages;

g. The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h. The Defendant to reinstate Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i.  This court retain jurisdiction over this action to ensure full compliance
    with the orders of this Court and with applicable laws and require
    Defendant to file such reports as this Court deems necessary to evaluate
    such compliance; and

j.  This Court order such other and further relief as may be just and
    equitable.

## COUNT THREE – TITLE VII – DISCRIMINATION/HOSTILE WORK
## ENVIRONMENT

### Plaintiff v. All Defendants

63. All of the allegations contained in the foregoing paragraphs of this
    Complaint are incorporated herein by reference as if the same were set forth
    at length.

64. The actions and conduct of Defendants created an intimidating, hostile and
    offensive work environment based on gender for Plaintiff.

65. Submission to Defendants' intimidating, abusive and hostile behavior was
    made a condition of Plaintiff's employment with Defendant.

66. The Plaintiff suffered intentional harassment because of her protected
    action.

67.  The foregoing harassment would offend a reasonable person.

68. The foregoing harassment offended and had the purpose and effect of unreasonably interfering with Plaintiff's work performance.

69. The foregoing harassment was severe, pervasive, and regular.

70. The harassment had detrimental effects on the Plaintiff.

71. The harassment would detrimentally affect a reasonable person in the same position.

72. Defendants knew or should have known of the intimidating, abusive and hostile conduct and should have taken prompt and appropriate remedial action to eradicate and prevent such behavior but failed to do so.

73. The conduct of the Defendants further violated Title VII in that:

    a. Defendants failed to investigate thoroughly and promptly the complaints of Plaintiff;

    b. Defendants failed to take appropriate remedial action to prevent the harassment and discrimination from continuing;

    c. Defendants failed to disseminate an anti-sexual discrimination and harassment policy and/or failed to enforce an appropriate anti-sexual discrimination and harassment policy, thereby exhibiting a deliberate indifference to Plaintiff's federally protected rights;

    d. Defendants failed to properly train and supervise its employees; and

    e.  Defendants failed to take appropriate steps to stop discriminatory, abusive, hostile and retaliatory conduct.

74. The conduct of Defendants has denied Plaintiff her civil rights guaranteed under Title VII.

75. As a direct and proximate result of the foregoing conduct, Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Maggie McNamara, respectfully requires that this Honorable Court enter judgment in her favor and against the Defendants and enter an Order providing that:

    a.  The Defendant has engaged in practices which are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

    b.  The Defendant be enjoined from engaging in the sexual harassment of its employees;

    c.  The Defendant be enjoined from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

    d.  The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits she would have received had it not been for the Defendant's illegal actions;

e. The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f. The Defendant to pay Plaintiff punitive damages;

g. The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h. The Defendant to reinstate Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i. This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j. This Court order such other and further relief as may be just and equitable.

## COUNT FOUR – PA HUMAN RELATIONS ACT/SEXUAL HARASSMENT

### Plaintiff v. All Defendants

76. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

77. The unlawful employment practices herein stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

WHEREFORE, the Plaintiff, Maggie McNamara, respectfully requires that this Honorable Court enter judgment in her favor and against the Defendants and enter an Order providing that:

    a.  The Defendant has engaged in practices which are discriminatory and in violation of the Pennsylvania Human Relations Act;

    b.  The Defendant be enjoined from engaging in the sexual harassment of its employees;

    c.  The Defendant be enjoined from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

    d.  The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits she would have received had it not been for the Defendant's illegal actions;

    e.  The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

    f.  The Defendant to pay Plaintiff punitive damages;

    g.  The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h.  The Defendant to reinstate Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i.  This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

j.  This Court order such other and further relief as may be just and equitable.

## COUNT FIVE – PA HUMAN RELATIONS ACT/RETALIATION

### Plaintiff v. All Defendants

78. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

79. The unlawful employment practices herein stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

WHEREFORE, the Plaintiff, Maggie McNamara, respectfully requires that this Honorable Court enter judgment in her favor and against the Defendants and enter an Order providing that:

a.  The Defendant has engaged in practices which are discriminatory and in violation of the Pennsylvania Human Relations Act;

b.  The Defendant be enjoined from engaging in the sexual harassment of its employees;

c.  The Defendant be enjoined from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

d.  The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits she would have received had it not been for the Defendant's illegal actions;

e.  The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f.  The Defendant to pay Plaintiff punitive damages;

g.  The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h.  The Defendant to reinstate Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

    i.  This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

    j.  This Court order such other and further relief as may be just and equitable.

## COUNT SIX – PA HUMAN RELATIONS ACT/HOSTILE WORK ENVIRONMENT

### Plaintiff v. All Defendants

80. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated herein by reference as if the same were set forth at length.

81. The unlawful employment practices herein stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

WHEREFORE, the Plaintiff, Maggie McNamara, respectfully requires that this Honorable Court enter judgment in her favor and against the Defendants and enter an Order providing that:

    a.  The Defendant has engaged in practices which are discriminatory and in violation of the Pennsylvania Human Relations Act;

b. The Defendant be enjoined from engaging in the sexual harassment of its employees;

c. The Defendant be enjoined from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

d. The Defendant compensate, reimburse and/or pay back the Plaintiff for any and all pay and benefits she would have received had it not been for the Defendant's illegal actions;

e. The Defendant to pay Plaintiff compensatory damages including, but not limited to, pain, suffering, humiliation, mental anguish and emotional distress caused to her by Defendant's acts and omissions;

f. The Defendant to pay Plaintiff punitive damages;

g. The Defendant to pay Plaintiff's attorneys' fees and costs of this action;

h. The Defendant to reinstate Plaintiff with all pay and benefits which she would have received if the wrongful acts alleged herein had not occurred; or if such an order is not feasible, that the Plaintiff be awarded front pay;

i. This court retain jurisdiction over this action to ensure full compliance with the orders of this Court and with applicable laws and require

Defendant to file such reports as this Court deems necessary to
evaluate such compliance; and

j.   This Court order such other and further relief as may be just and
equitable.

Respectfully Submitted:

/s/ Gerard M. Karam, Esquire
Gerard M. Karam, Esquire
Atty. ID# PA 49625

/s/ Christopher J. Szewczyk, Esquire
Christopher J. Szewczyk, Esquire
Atty. ID # PA 306689
Mazzoni, Karam, Petorak, and
Valvano
321 Spruce Street
Suite 201
Scranton, PA 18503
P:  (570) 348-0776
F:  (570) 348-2755