IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAGGIE MCNAMARA,<br><br>    Plaintiff,<br><br>v.<br><br>SUSQUEHANNA COUNTY,<br>et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:17-cv-02182<br><br>(SAPORITO, M.J.) |

MEMORANDUM

This is an employment discrimination case. In the complaint (Doc. 1), the plaintiff, Maggie McNamara ("McNamara"), claims that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.,* on the basis of gender discrimination, retaliation, and hostile work environment. This matter is before the court on a motion to dismiss filed by the defendants. (Doc. 9) The parties have filed their respective briefs. Based upon the courts review of the defendants' motion to dismiss, we will deny it in part and grant it in part.

## I. Procedural History

On November 29, 2017, McNamara filed a complaint (Doc. 1) seeking damages for gender discrimination, sexual harassment, and retaliation. She named as defendants: Susquehanna County, her former employer; Elizabeth Arnold, a county commissioner; Mary Ann Warren, a county commissioner; and Richard Ely, the Susquehanna County Director of Veterans Affairs.

On January 29, 2018, the defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 9). The defendants filed their brief in support on February 12, 2018. (Doc. 12). McNamara filed her brief in opposition on February 23, 2018. (Doc. 23). The defendants filed a timely reply brief. (Doc. 19). In their motion to dismiss, the defendants assert that (1) the complaint fails to establish a claim of sex discrimination or retaliation because it is devoid of allegations of any adverse employment action by McNamara's employer; (2) Title VII does not permit individual liability; and (3) the complaint does not support a claim for punitive damages. The matter is ripe for disposition.

## II. Statement of Facts

McNamara's complaint consists of three counts under Title VII and three counts under the PHRA each involving (1) sexual harassment; (2) retaliation; and (3) hostile work environment.

In her complaint, McNamara alleges that in June 2014, she was hired as an administrative assistant to the chief clerk of Susquehanna County. She was promoted to deputy clerk in February 2015. Thereafter, in December 2015, defendant Ely attempted to kiss and hug McNamara at her workplace. On that same day, it is alleged that Ely approached McNamara's car, stuck his face into her car, made a kissing lips facial expression, and stated, "you won't get this offer again." She reported these incidents to her supervisor, R.S. Stoud.

Following the reporting of the incident, McNamara contends that she was subjected to pervasive harassment and retaliation by the defendant commissioners. She has alleged that after she reported the incidents, the defendant commissioners were unfairly critical of her work, subjected her to public humiliation at meetings, and complained about her interactions with other employees. In addition, she alleged

3

that despite her allegations about defendant Ely, Commissioner Warren assigned McNamara to work in close quarters with Ely where Ely would yell at her and become angry. At some point, because of the alleged continuing harassment, McNamara felt the necessity to leave her position as deputy chief clerk for a position with the Susquehanna District Attorney's Office where she suffered a loss in pay.

The defendants moved to dismiss the complaint on the following grounds: (1) punitive damages are not recoverable under either Title VII or the PHRA; (2) Commissioner Arnold, Commissioner Warren, and Director Ely should be dismissed in their individual and official capacities because only the employer is the proper defendant in a Title VII case; (3) several of the allegations were not administratively exhausted; and (4) the complaint fails to allege pervasive discrimination.[1] (Doc. 9).

---

[1] These are the grounds for dismissal as set forth in the motion; however, in their brief in support of the motion, the defendants do not argue failure to exhaust administrative remedies and that the complaint fails to allege pervasive discrimination. (Doc. 12). We will deem these grounds for dismissal as waived. *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . ."). Nevertheless, in this brief the defendants also argue for dismissal for

III. ***Legal Standards***

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

---

McNamara's failure to allege that she suffered a tangible employment action. (*Id.*) We address this issue below.

Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne Cty. Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002).

IV. *Discussion*

The defendants' motion asserts that the complaint should be dismissed because it does not sufficiently establish a claim of sex discrimination or retaliation because McNamara has not alleged an adverse employment action by her employer.

In determining the sufficiency of the complaint, we "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

   A.   *Title VII Discrimination*

Absent direct proof of purposeful discrimination, a Title VII plaintiff must establish an appropriate inference of discriminatory intent through the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. The test must be varied to consider different employment situations and different alleged acts of discrimination. The Third Circuit has suggested that a plaintiff alleging

discriminatory discharge must prove that (1) she was a member of a protected class, (2) she was qualified for the position from which she was discharged, and (3) others not in the protected class were treated more favorably. *Weldon v. Kraft, Inc.*, 896 F.2d 793, 797 (3d Cir. 1990). The Third Circuit has admonished courts to avoid mechanical applications of the standard:

> Simply put, a Title VII plaintiff has established a prima facie case when sufficient evidence is offered such that the court can infer that if the employer's actions remain unexplained, it is more likely than not that such actions were based on impermissible reasons.

*EEOC v. Metal Serv. Co.,* 892 F.2d 341, 348 (3d Cir. 1990). In considering a motion under Rule 12(b)(6), we must accept as true all well-pleaded allegations of the complaint and construe them favorably to the plaintiff. *Warren Gen. Hosp.*, 643 F.3d at 84. In the context of the current motion, we believe that to mean that plaintiff must minimally plead a prima facie case of discrimination. *Rogers v. Mount Union Borough ex rel. Zook*, 816 F. Supp 308 (M.D. Pa. 1993).

### 1. *Gender Discrimination*

McNamara brings her discrimination claim on the basis of sex under Title VII. We analyze the complaint within the standard set forth in *McDonnell Douglas*. The elements of a *prima facie* case require the plaintiff to establish that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination. *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410-11 (3d Cir. 1999). To constitute an adverse employment action, the action must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). To satisfy the elements of a *prima facie* case, an adverse employment action must be material. *Id.*

### 2. *Retaliation*

Section 704(a) of Title VII states in relevant part that "[i]t shall be an unlawful employment practice for an employer to discriminate against [an employee]. . . because he has made a charge" of

9

discrimination against the employer. 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, the plaintiff must produce "evidence that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (2006). In assessing whether there is a causal connection, the Third Circuit has focused on the temporal proximity of the protected activity and the adverse employment action, as well as whether or not there is a pattern of antagonism. *Jensen v. Potter*, 435 F.3d 444, 450 (3d Cir. 2006), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Also, the "retaliatory conduct must be serious and tangible enough to alter an employee's compensation, terms, conditions or privileges of employment." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (1997). An objective standard is used to determine whether "a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a

reasonable worker from making or supporting a charge of discrimination.'" *Moore*, 461 F.3d at 341 (quoting *White*, 548 U.S. at 68).

### 3. *Hostile Work Environment*

With respect to her hostile work environment claim, McNamara must show "(1) that [s]he . . . suffered intentional discrimination because of [gender]; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same [gender] in that position; and (5) the existence of respondeat superior liability." *James*, 189 F. Supp. 3d at 438 (quoting *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996)). It is this last element—the existence of respondeat superior liability—that proves dispositive here.

"Under Title VII, an employer's liability for such harassment may depend on the status of the harasser. If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013). With respect to harassment by a co-worker, "a plaintiff must demonstrate that the employer was negligent or reckless

11

in failing to train, discipline, fire or take remedial action upon notice of harassment. An employer therefore may be directly liable for a co-worker's harassment if the employer failed to provide a reasonable avenue for complaint or, alternatively, if it knew or should have known of the harassment and failed to take prompt remedial action." *Bumbarger v. New Enterprise Stone & Lime Co., Inc.*, 170 F. Supp. 3d 801, 838 (W.D. Pa. 2016) (citations and internal quotation marks omitted").

> In cases in which the harasser is a "supervisor," however, different rules apply. If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable. But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

*Vance*, 133 S. Ct. at 2439.

### B. *A tangible employment action was adequately pled.*

The defendants' motion asserts that the only element not pled in all three counts is that McNamara suffered an adverse employment action. In addition, they argue that she voluntarily left her position as deputy

chief clerk and voluntarily transferred to the Susquehanna County District Attorney's Office. McNamara maintains that because of the pervasive harassment, she was forced to leave her position and transfer to the District Attorney's office for less pay. The Supreme Court has defined a "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998).

Here, McNamara has alleged that she left the position of deputy chief clerk because of the constant harassment from the defendant commissioners. (Doc. 1 ¶44). She further alleged that she suffered a loss in pay when she took the position with the District Attorney's Office. (*Id.* ¶45). The pleadings suggest that McNamara was constructively discharged, and accepting those allegations as true and viewing them in the light most favorable to the plaintiff, we find that the complaint alleges plausible claims. Of course, this is a matter of proof. Constructive discharge exists if "the conduct complained of would have

13

the foreseeable result that working conditions would be so unpleasant or difficult that a reasonable person in the employer's shoes would resign." *Goss v. Exxon Office Sys., Co.*, 747 F.2d 885, 887-88 (3d Cir. 1984).

Therefore, we will deny the defendants' motion as to this issue.

### C. *Defendants Arnold, Warren, and Ely should be dismissed in their individual and official capacities.*

The defendants maintain that Commissioner Arnold, Commissioner Warren, and Director Ely should be dismissed in their individual and official capacities as Title VII does not impose liability on individuals. In her brief, McNamara concedes that Arnold, Warren, and Ely should be dismissed as defendants. (Doc. 14, at 10). *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) (individual employees cannot be held liable under Title VII). Thus, we will grant the motion to dismiss on this basis and dismiss the individual defendants with prejudice.

### D. *The plaintiff cannot recover punitive damages.*

Defendants contend that punitive damages are not recoverable against municipalities under Title VII of the PHRA. McNamara concedes that punitive damages are not available under the PHRA. *See*

14

*Hoy v. Angelone*, 720, A.2d 745, 751 (Pa. 1998). She disagrees with the defendants in that she argues punitive damages are available to a plaintiff under Title VII. *See Le v. Univ. of Pa.*, 321 F.3d 403, 409 n.4 (3d Cir. 2003) (involving a non-municipal defendant). But if the employer is a municipality, punitive damages are not available under Title VII. *Udujiti v. City of Philadelphia*, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007). The pertinent statute provides:

> complaining party may recover punitive damages . . . against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981(b)(1) (emphasis added).

As Susquehanna County is a political subdivision at the Commonwealth of Pennsylvania, it cannot be held liable for punitive damages. Thus, we will grant the defendants' motion as to this punitive damages argument.

An appropriate order follows.

                                                *s/ Joseph F. Saporito, Jr.*
                                                **JOSEPH F. SAPORITO, JR.**
                                                **United States Magistrate Judge**

**Dated: May 11, 2018**